UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS PAUL WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL YANISCH *et al.*,<br><br>　　　　　Defendants, | Case No.  C05-5195FDB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR**:<br>**APRIL 29nd 2005** |

　　This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Plaintiff has been granted *in forma pauperis status*, but the court has not yet ordered the complaint served. Plaintiff challenges lack of a sexually violent predator evaluation within a set time period. See, Proposed complaint.  Plaintiff implies that if he was found not to meet the criteria for commitment in this evaluation the civil commitment proceedings would have been dropped. See, Proposed complaint, page 3 paragraph 8.  He also alleges that the state lost the authority and jurisdiction to hold him by not conducting the evaluation in the time frame he claims it was mandated. See, Proposed complaint, page 3 paragraph 10.

　　While plaintiff states that Heck V. Humphreys does not apply to his action seeking only declaratory relief, the court disagrees.  When a person confined by the state is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.

REPORT AND RECOMMENDATION
Page - 1

1  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994).
2  Plaintiff is filing a collateral challenge to the legality of his continued confinement in this action and this action
3  must proceed by was of habeas corpus.

## CONCLUSION

This action relates to the propriety of current confinement.  For the reasons stated above the action should be **DISMISSED WITHOUT PREJUDICE** prior to service.  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 29nd, 2005**, as noted in the caption.

DATED this 4th day of April, 2005.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2